J-S28018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEROME THOMAS :
:
Appellant : No. 733 MDA 2017

Appeal from the Judgment of Sentence, April 5, 2017,
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-CR-0007476-2015.

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED JUNE 28, 2018**

Jerome Thomas appeals from the judgment of sentence, after conviction in a bench trial on various firearm-related charges.[1] He raises one issue on appeal – *i.e.*, whether the trial court erred when it dismissed his motion to suppress the Commonwealth's evidence as untimely.

Thomas waived arraignment on December 18, 2015. He filed his first motion to suppress the Commonwealth's evidence ten months later – on October 7, 2016. The trial court denied that motion as untimely on October 12, 2016. He filed an amended motion to suppress on November 14, 2016, which the trial court also denied on November 16, 2016.

Next, the court of common pleas transferred this matter to a new trial judge. On February 24, 2017, Thomas renewed his motion to suppress. The

---

[1] 18 Pa.C.S.A §6105(a)(1); 18 Pa.C.S.A. §5503.

new judge decided to proceed with a nonjury trial "and during the course of the trial[, he] would then reconsider whether: 1) the Defendant's belated motion had merit and whether there was a basis to still entertain the Defendant' s motion for suppression; and 2) if this Court decided to entertain it, rule on the substance of it." Trial Court Opinion, 11/28/17, at 2. Ultimately, the trial court denied Thomas' "request to consider the merits of the motion as it found that no exception to the timeliness requirement applied, and thus it would not revisit a previous judge's ruling as the motion was untimely." *Id.* at 4.

Pennsylvania Rule of Criminal Procedure 579(a) requires a defendant to file a motion to suppress within 30 days of arraignment. Thomas violated that rule, because he filed his first motion to suppress ten months after he waived his right to arraignment. When an untimely motion to suppress is filed, "the issue of suppression of such evidence shall be deemed to be waived." Pennsylvania Rule of Criminal Procedure 581(B).

Because Thomas appeals the trial court's denial of his third suppression motion, which he filed *one year and two months* after he waived arraignment, it is hereby **ORDERED** that Thomas' sole appellate issue is untimely and, therefore, under Pa.R.Crim.P. 581(B), is dismissed as waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/2018